## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## KEY WEST DIVISION

Case No. 08-CV-10035-KING

**SMITHERS CONSTRUCTION, INC.,**

**v.**

**BITUMINOUS CASUALTY
CORPORATION,**

_____/

**BITUMINOUS CASUALTY
CORPORATION,**

     Cross-Plaintiff,

**v.**

**SMITHERS CONSTRUCTION, INC.,**

     Cross-Defendant.

_____/

**BITUMINOUS CASUALTY
CORPORATION,**

     Third-Party Plaintiff,

**v.**

**RICHARD J. LUEDERS, SUSAN M.
LUEDERS and RICHARD J. LUEDERS and
BETHANY THOMAS, as Co-Personal
Representatives of the Estate of THOMAS P.
LUEDERS,**

     Third-Party Defendants.

_____/

## BITUMINOUS' CROSS-CLAIM AGAINST SMITHERS CONSTRUCTION, INC. AND THIRD PARTY COMPLAINT AGAINST RICHARD J. LUEDERS, SUSAN M. LUEDERS and RICHARD J. LUEDERS and BETHANY THOMAS, as Co-Personal Representatives of the Estate of THOMAS P. LUEDERS

COMES NOW Defendant/Third-Party Plaintiff, BITUMINOUS CASUALTY CORPORATION, an Illinois corporation (hereinafter "BITUMINOUS"), by and through its undersigned counsel, and sues Cross-Defendant, SMITHERS CONSTRUCTION, INC. (hereinafter "SMITHERS"), for declaratory judgment and sues Third-Party Defendants RICHARD J. LUEDERS, SUSAN M. LUEDERS and RICHARD J. LUEDERS and BETHANY THOMAS, as Co-Personal Representatives of the Estate of THOMAS P. LUEDERS (hereinafter "LUEDERS"), as interested parties to the declaratory judgment under BITUMINOUS insurance policy number CLP 3 231586 B, and respectfully shows unto this Honorable Court as follows:

1.     This is an action for declaratory judgment and damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) not including interest and costs and there is complete diversity between the parties.

2.     Cross-Plaintiff/Third-Party Plaintiff, BITUMINOUS, is a foreign corporation, organized and existing under the laws of the state of Illinois.

3.     Third-Party Defendants, RICHARD J. LUEDERS and SUSAN M. LUEDERS, upon information and belief, are residents of the state of Michigan.

4.     Third-Party Defendants, RICHARD J. LUEDERS and BETHANY THOMAS, are Co-Personal Representatives of the Estate of THOMAS P. LUEDERS.  The Estate of THOMAS P. LUEDERS was opened in Monroe County, Florida.

2

5. Plaintiff/Cross-Claim Defendant, SMITHERS CONSTRUCTION, INC. (hereinafter "SMITHERS"), is a foreign corporation organized under the laws of the State of Arkansas with its principal place of business in Texas.

6. Plaintiff/Cross-Claim Defendant, SMITHERS, has sued BITUMINOUS for declaratory judgment and breach of contract, as alleged in the Cross-Claim removed to this Court (which was attached as Exhibit "A" to the Notice of Removal to this Court). Pursuant to Federal Rule of Civil Procedure 13(g), BITUMINOUS herein asserts against SMITHERS a cross-claim for declaratory judgment seeking a judicial determination of its rights and liabilities under the policy of insurance issued to SMITHERS (Bituminous Policy No. CLP 3 231586 B) for a loss occurring on December 27, 2006 in Monroe County, Florida.

7. Third-Party Defendants collectively have sued a number of entities for liability arising out of the underlying loss, including SMITHERS, in a case styled *Richard J. Lueders, et al. v. Key Hospitality & Healthcare Ltd. Partnership, et al.*, Case Number CAK070000097, pending in Monroe County, Florida. Third-Party Defendants attempted in a separate action to sue Cross-Claim Defendant/Third-Party Plaintiff, BITUMINOUS, for declaratory judgment. A true and correct copy of the operative Second Amended Complaint is attached hereto as Exhibit "A." The latter cause of action was dismissed by Monroe County state court based upon Florida's non-joinder statute. A true and correct copy of the Order is attached hereto as Exhibit "B."

8. The Third-Party claims herein are brought pursuant to Federal Rule of Civil Procedure 14(a) governing Third-Party practice. The Third-Party claims herein arise out of the underlying liability action which gave rise to the Cross-Claim removed to this Court.

3

9.      BITUMINOUS has assumed a defense under a reservation of rights of SMITHERS in the underlying liability action and brings this Cross-Claim and Third-Party Claim to ensure Cross-Defendant and Third-Party Defendants are apprised of and bound by the resulting judicial declaration, since the Cross-Defendant and Third- Party Defendants are collectively interested in the outcome of this matter.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.     As alleged in the underlying operative Second Amended Complaint, at the time including, but not limited to, December 26, 2006, the Lueders were guests at the Doubletree Hotel in Key West, Florida.

11.     On or about December 26, 2006, carbon monoxide was allegedly being emitted from the boiler room in the subject hotel, which is adjacent to Room 416 in the hotel.

12.     The boiler room was allegedly improperly vented to the exterior of the hotel.

13.     SMITHERS was the general contractor of the construction project for the Hotel, and completed its construction in the year 2000.

14.     At some time after SMITHERS completed construction in 2000, the Hotel made changes to a) the original boiler room, and b) the original vents installed.

15.     The carbon monoxide allegedly leaked at toxic levels to Room 416, which allegedly caused injuries to Mr. Richard Lueders and the death to Mr. Thomas Lueders. See the operative Second Amended Complaint, Exhibit "A."

## THE LAWSUIT

4

16.    The underlying liability action alleges Negligence, Loss of Consortium and Wrongful Death against SMITHERS.   The duties allegedly breached by SMITHERS include:

a.    Failing to appropriately retain, train and supervise adequately qualified subcontractors including Advanced Applicators, the drywall contractor;

b.    Failing to properly construct the vertical drywall sections which separated the steam boiler room from room 416;

c.    Failing to comply with applicable standards of care under all the surrounding circumstances; and

d.    That the above acts or omissions caused the alleged damages, including carbon monoxide migrating from the boiler room into room 416.

[See Second Amended Complaint, Exhibit "A," Counts XVI, XVII and XVIII and General Allegations.]

## THE BITUMINOUS POLICY

17.    Bituminous issued Policy Number CLP 3 231 586 to SMITHERS, effective 8/1/2006 to 8/1/2007 with limits of $1,000,000 per occurrence and $2,000,000 aggregate. The Named Insureds on the policy are Smithers, Construction, Inc.; Smithers Merchant Builders, LP; Smithers Traditional Builders, LLC; and Shavano Leasing LP. [A true and correct copy of the Policy is attached hereto as Exhibit "C."]

18.    The Bituminous Policy Number CLP 3 231 586 contains the following relevant provisions:

*SECTION I - COVERAGES*

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.   **Insuring Agreement**

   a.   *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

   (1)   *The amount we will pay for damages is limited as described in Section III - Limits of Insurance; and*

   (2)   *Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.*

   *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.*

   b.   *This insurance applies to "bodily injury" and "property damage" only if:*

   (1)   *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

   (2)   *The "bodily injury" or "property damage" occurs during the policy period; and*

* * *

2.   **Exclusions**

   *This insurance does not apply to:*

* * *

6

**f.** *Pollution*

**(1)** *"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants": ...*

\* \* \*

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

\* \* \*

**4.** **Other Insurance**

\* \* \*

**b.** **Excess Insurance**

*This insurance is excess over:*

\* \* \*

**(2)** *Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.*

*When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.*

*When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:*

**(1)** *The total amount that all such other insurance would pay for the loss in the absence of this insurance; and*

7

(2)   The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

\* \* \*

## SECTION V - DEFINITIONS

\* \* \*

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

22.   "Your work":

a.    Means:

(1)   Work or operations performed by you or on your behalf; and

(2)   Materials, parts or equipment furnished in connection with such work or operations.

b.    Includes

(1)   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2)   The providing of or failure to provide warnings or instructions.

8

\* \* \*

19.    The subject Policy also includes the following Endorsement:

**POLLUTION EXCLUSION** [Form L1749b-SIG (4/86) Effective 8-01-2006]

*It is agreed that the exclusion relating to the actual, alleged or threatened discharge, dispersal, release or escape of pollutants is replaced by the following:*

(1)    **Bodily injury** *or* **property damage** *arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants.*

(2)    *Any loss, cost or expense arising out of any governmental direction or request that the* **named insured** *test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.*

\* \* \*

*Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.*

## COUNT I - DECLARATORY JUDGMENT

20.    BITUMINOUS reiterates and realleges each allegation contained in paragraphs 1 through 19 stated herein above as though fully set forth herein.

21.    BITUMINOUS contends there is no coverage under the Policy at issue for the claims raised by the LUEDERS because:

(a)    the BITUMINOUS Policy precludes coverage for bodily injuries caused by carbon monoxide, a pollutant; and/or

(b)    the BITUMINOUS policy has not been triggered where SMITHERS has not exhausted all other applicable primary coverage.

22.    BITUMINOUS is entitled to a declaration that the BITUMINOUS Policy does not afford coverage for any loss arising out of the actions commenced by the LUEDERS,

9

or any other claimant claiming damages arising out of incidents of alleged carbon monoxide poisoning.

23.     Other terms, conditions, limitations or exclusions may also apply to prevent the applicability of the Bituminous policy to these losses.

24.     In light of the foregoing, there is a bona fide, actual and present need for a declaration of the rights, responsibilities and obligations of the parties under the BITUMINOUS Policy, as the parties to this action are in doubt as to their rights and obligations under this policy of insurance.

25.     A judicial declaration regarding the parties' rights under the BITUMINOUS Policy is necessary and proper at this time.   Such a declaration will prevent future controversies between the parties regarding the same matters.

**WHEREFORE,**  Cross-Plaintiff/Third-Party  Plaintiff,  BITUMINOUS  CASUALTY CORPORATION, respectfully requests that the Court grant it the following relief:

> (a)     Take jurisdiction over this matter such that the result is binding on all parties;
>
> (b)     Enter an order declaring that BITUMINOUS has no duty to provide coverage to, defend or indemnify, SMITHERS or any indemnities or additional insureds under Commercial General Liability Policy No. CLP 3 231 586 for the claims raised by the LUEDERS in their Lawsuit;
>
> (c)     Enter an order declaring that BITUMINOUS has no duty to pay any loss under Commercial General Liability Policy No. CLP 3 231 586 to or on behalf of any Defendant arising out of the LUEDERS' Liability action, or any other incident of carbon monoxide poisoning;
>
> (d)     Enter an order declaring that SMITHERS must reimburse BITUMINOUS for defense costs and fees; and

(e)     Otherwise adjudicate the rights and responsibilities between BITUMINOUS, SMITHERS and the Third Party Defendants under the BITUMINOUS Policy.

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

/s/ Sunita N. Smith
KATHLEEN J. MAUS, ESQ.
Florida Bar No.: 0896330
SUNITA N. SMITH, ESQ.
Florida Bar No.: 0014750
3600 Maclay Boulevard, Suite 101
Tallahassee, FL 32312
Telephone: (850) 894-4111
Facsimile: (850) 894-4999
Attorneys for BITUMINOUS CASUALTY CORP.

## CERTIFICATE OF SERVICE

I certify that on April 28, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System which will send a notice of electronic filing to the following:

Jerry P. Brodsky, Esq.
Peckar & Abramson
One SE Third Avenue, Suite 3050
Miami, FL  33131

/s/ Sunita N. Smith
SUNITA N. SMITH, ESQ.