IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 08-10035-CIV-MOORE/SIMONTON

SMITHERS CONSTRUCTION, INC.,

    Plaintiff,

vs.

BITUMINOUS CASUALTY CORPORATION,

    Defendant.
_____/

BITUMINOUS CASUALTY CORPORATION,

    Cross-Plaintiff,

vs.

SMITHERS CONSTRUCTION, INC., et al.,

    Cross-Defendants.
_____/

BITUMINOUS CASUALTY CORPORATION,

    Third-Party Plaintiff,

vs.

RICHARD J. LUEDERS, SUSAN M. LUEDERS
and RICHARD J. LUEDERS and BETHANY
THOMAS, as Co-Personal Representatives of the Estate
of THOMAS P. LUEDERS,

    Third-Party Defendants.
_____/

**ORDER DENYING MOTIONS TO REMAND AND FOR ABSTENTION**

THIS CAUSE came before the Court upon Cross-Plaintiff Smithers Construction, Inc.'s Amended Motion to Remand (dkt # 13) and Third-Party Defendants' Joinder in Smithers Construction Inc.'s Motion to Remand and for Abstention (dkt # 24).

UPON CONSIDERATION of the Motions, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I. BACKGROUND

This case involves an insurance coverage dispute arising out of the death of Thomas P. Lueders from carbon monoxide poisoning suffered while staying as a guest at the Doubletree Hotel and Resort in Key West, Florida in late 2006. Decedent's father, Richard J. Leuders, was also injured. Richard J. Lueders and certain family members, as co-personal representatives of the estate of Thomas P. Lueders (collectively the "Lueders Family") brought suit for damages against the owners of the hotel in the Circuit Court in and for Monroe County, Florida, Case No. 2007-CA-97-K (the "Underlying Liability Action").

On September 26, 2007, the Lueders Family filed an action for declaratory judgment in the Circuit Court in and for Palm Beach, Florida, which was subsequently transferred to Key West, Florida (the "State Declaratory Judgment Action"). The State Declaratory Judgment Action named as defendants Smithers Construction Inc. ("Smithers"), the contractor for the construction of the Doubletree Hotel, Bituminous Casualty Corporation ("Bituminous"), an insurer of Smithers under a Commercial General Liability Policy (Policy No. # CLP 3 231 586) (the "Policy"), and Bituminous Fire & Marine Insurance Company ("Bituminous Fire"). Plaintiffs sought a declaration of rights under the Policy.

The following day, on September 27, 2007, Bituminous filed an action for declaratory judgment in the District Court for the Southern District of Florida, seeking a declaration of rights under the Policy. The case was assigned Case No. 07-10086-CV-MOORE. Defendants Smithers and the Lueders Family filed Motions to Dismiss (dkt #'s 16, 35). This Court granted the Motions to Dismiss in an Order dated February 7, 2008 (dkt # 50), on grounds that the case would be better resolved in the State Declaratory Judgment Action.

On November 27, 2007, Bituminous filed a Notice of Removal (dkt # 1) in the State Declaratory Judgment Action. The case was removed to the District Court for the Southern District of Florida and was assigned Case No. 07-10109-CIV-MOORE. The Lueders Family and Smithers separately filed Motions to Remand (dkt #'s 12, 14). In an Order dated February 7, 2008 (dkt # 26), this Court granted the Motions to Remand based on Bituminous' failure to satisfy the unanimity requirement. On February 29, 2008, Bituminous filed a motion in state court to dismiss the State Declaratory Judgment Action. On March 26, 2008, Smithers filed a cross-claim against Bituminous and a counterclaim against the Lueders Family in the State Declaratory Judgment Action, also seeking a declaration of rights under the Policy. On March 27, 2008, the state court granted Bituminous' motion to dismiss the State Declaratory Judgment Action brought by the Lueders Family, but leaving intact Smithers' cross-claim and counterclaim.

On April 18, 2008, Bituminous filed a Notice of Removal (dkt # 1) in the cross-claim action brought by Smithers. The case was assigned Case No. 08-10035-CV-MOORE. Bituminous asserts that in light of the state court's dismissal of the State Court Declaratory Judgment Action brought by the Lueders Family, there is no longer parallel litigation in state

court that would resolve the insurance coverage issues and that dismissal or remand of Smithers' suit for declaratory judgment is no longer warranted. On April 28, 2008, Bituminous filed a cross-claim against Smithers and a Third-Party Complaint against the Lueders Familty (dkt # 2). On May 19, 2008, Smithers filed the instant Motion to Remand, for Abstention and for Award of Attorneys' Fees (dkt # 13).

**II.   ANALYSIS**

A. Abstention or Remand

"The Declaratory Judgment Act is an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005) (citations omitted). "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." Id. (citations omitted). "[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. (citation omitted). "The Supreme Court has warned that '[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.'" Id. (citation omitted). Moreover, "the Supreme Court's decision in Wilton . . . vests the district courts with broad discretion in deciding whether to hear a declaratory judgment action." Atl. Cas. Ins. Co. v. GMC Concrete Co., Inc., 07-CV-0563-WS-B (WHS), 2007 WL 4335499, at *2 (S.D.Ala. 2007) (quoting Prudential Ins. Co. of Am. v. Doe, 140 F.3d 785, 789 (8th Cir. 1998)). "The desire of insurance companies . . . to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Id. at *2 n.5 (quoting

State Auto Ins. Companies v. Summy, 234 F.3d 131, 136 (3d Cir. 2000)).

In Ameritas, the Eleventh Circuit provided direction concerning the exercise of discretion by district courts when deciding whether to entertain declaratory judgment actions when there is parallel state litigation pending. Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (2005).[1] The Eleventh Circuit has also stated that "[a] court may exercise its discretion to dismiss a declaratory judgment action in favor of a pending state court proceeding that will resolve the same state law issues. It is an abuse of discretion, however, to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." Federal Reserve Bank of Atlanta v. Thomas, 220 F.3d 1235, 1247 (11th Cir. 2000). In this case, this Court need not evaluate the Ameritas factors because the parallel State Declaratory Judgment Action has been dismissed. In light of the dismissal, there is currently no action pending in state court that will resolve the matter of insurance coverage under the Policy. Although the Underlying Liability Action is still pending in state court, the insurance coverage issue is not before the court in that action and Bituminous is not a party to the action.

However, even if this Court were to conduct an Ameritas analysis, now that there is no state court action to resolve Policy coverage issues, Ameritas factors (ii) through (viii) weigh strongly in favor of allowing this claim to proceed, particularly with respect to resolution of

---

[1] Ameritas promulgated non-exclusive guideposts for district courts to consider, including: "(i) the state's interest in deciding the matter; (ii) whether a judgment in the federal action would completely resolve the controversy; (iii) whether the declaratory judgment action would clarify the parties' legal relations; (iv) whether the federal action amounts to procedural fencing; (v) whether a ruling in the federal action would increase friction between federal and state courts or otherwise encroach on state proceedings; (vi) whether a superior alternative remedy exists; (vii) whether underlying facts are important to informed resolution of the matter; (viii) whether the state court is better situated than the federal court to evaluate those facts; and (ix) the nexus (if any) between the underlying issues and state law/policy, and whether federal common or statutory law requires resolution of the declaratory action." Atl. Cas. Ins. Co., 2007 WL 4335499, at *2 (citing Ameritas, 411 F.3d at 1331).

Bituminous' duty to defend. Therefore, abstention or remand is not warranted because there is no parallel litigation in state court addressing the same issues between same parties that would resolve the insurance coverage dispute at issue in this action. Given this Court's disposition to allow this action to proceed, and the dismissal of the State Declaratory Judgment Action, the parties in this action should be rearranged to reflect Smithers as Plaintiff/Counter-Defendant, Bituminous as Defendant/Counter-Plaintiff/Third-Party Plaintiff, and the Lueders Family as Third-Party Defendants.

B. Ripeness and Prematurity

The parties in this action seek a judgment concerning the rights of the parties under the Policy, including findings regarding Bituminous' duty to defend and indemnify. "[A]n insurers duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." Atl. Cas. Ins. Co., 2007 WL 4335499, at *2 (quotation marks omitted); see Southern Coatings, Inc., v. Century Sur. Co., 07-80558-CIV (PAS), 2008 WL 954178, at *4 (S.D.Fla. 2008); Penn Millers Ins. Co. v. AG-Mart Produce, Inc., 05-CV-1852-T-17TBM (EAK), 2006 WL 2864402, at *1 (M.D.Fla. 2006); Northland Cas. Co. v. HBE Corp., 160 F. Supp.2d 1348, 1360 (M.D.Fla. 2001). In contrast, "[a]n insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage. The duty to defend must be determined from the allegations in the complaint." Southern Coatings, Inc., 2008 WL 954178, at *3 (quoting Jones v. Fla. Ins. Guar. Ass'n, 908 So.2d 435, 442-43 (Fla. 2005)). "[T]he insurer must defend even if the allegations in the complaint are factually incorrect or meritless." Id.

6

In light of the ongoing Underlying Liability Action, this Court will retain jurisdiction over the duty to defend and indemnification issues. However, until the Underlying Liability Action is resolved, this court will only address Bituminous' duty to defend Smithers in the Underlying Liability Action. If no motion challenging Bituminous' duty to defend is forthcoming, the case will be stayed until resolution of the Underlying Liability Action.

### III.  CONCLUSION

For the reasons stated above, it is

ORDERED AND ADJUDGED that Cross-Plaintiff Smithers Construction, Inc.'s Amended Motion to Remand (dkt # 13) and Third-Party Defendants' Joinder in Smithers Construction Inc.'s Motion to Remand and for Abstention (dkt # 24) are DENIED. Defendant Bituminous is instructed to advise this Court within 11 days from the date of this Order if it intends to contest its duty to defend Smithers in the Underlying Liability Action. The Clerk of the Court is instructed to rearrange the parties to reflect Smithers Construction, Inc. as Plaintiff/Counter-Defendant, Bituminous Casualty Corporation as Defendant/Counter-Plaintiff/Third-Party Plaintiff, and Richard J. Lueders, Susan M. Lueders and Richard J. Lueders and Bethany Thomas, as Co-Personal Representatives of the Estate of Thomas P. Lueders, as Third-Party Defendants.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of June, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record